Turley, J.
delivered the opinion of the Court.
On the 19th of January, 1844, defendant Campbell executed his note for the sum of $3400, to the President, Directors and Company of the Bank of the State of Tennessee; to secure the payment of which, he on the same day executed a deed of conveyance in trust, for the premises in controversy, to defendant Cummings. On the 19th of February, 1844, complainant obtained a judgment in the Circuit Court of Knox, against said defendant Campbell, for the sum of $2,500 and costs of suit, upon which execution has been issued, and levied upon the real estate conveyed in the deed of trust. The charter of incorporation of the President, Directors and Company of the Bank of the State of Tennessee expired on the 20th day of November, 1841, and the complainant files his bill to have the deed of trust set aside as an illegal incumbrance upon the property, and a hinderance to the satisfaction of his judgment at law.
That the Bank of the State of Tennessee was not in existence at the time the note and deed of trust were executed, is not, and cannot be controverted. The necessary consequence is, that *39 both the note and deed of trust are inoperative and void, — the one for the want of a payee, and' the other for the want of a cestui que trust. Chancellor Kent, in the second volume of his Commentaries, says: 1-'According to the settled law of the land, upon the civil death of a corporation, all its real estate remaining unsold reverts back to the original grantor and his heirs; the debts due to and from the corporation are all extinguished; neither the stockholders nor the directors or trustees of the corporation can recover the debts or be charged with them in their natural capacity; and all the personal estate of the corporation vests in the people, as succeeding to this right and prerogative of the crown at common law.” 2 Kent’s Com. 807, 2d edition. These principles would prevent a recovery of the debt intended to be secured by the deed of trust, even if it had been executed before the expiration of the charter; a fortiori will it, it having been contracted after. But it is argued, that it appears from the answer of the defendant, that the debt was fairly due from defendant Campbell, and that the intention in executing the note and deed of trust was to secure the stockholders in that amount, and not the institution. This argument is a fallacy. We cannot recognize the existence of stockholders of a defunct corporation, and we cannot in this case go behind the note and deed, to hunt for a different payee and a different cestui que trust from that mentioned in the instrument.
We are therefore of the opinion that the note and deed of trust are inoperative and void as against the complainant, and that he is entitled to the relief asked. The decree of the Chancellor is accordingly reversed, and a-decree directed in pursuance of this opinion.